

FILED

DEC 3 0 2009

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| WARREN WAR CLUB, | ) | CV 09-47-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DR. KOHUT, DR. JOHN DOE, and DR. RISER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff War Club, a state prisoner proceeding pro se, has filed a Complaint under 42 U.S.C. § 1983 in which he claims Defendants deliberately failed to adequately address his hernia.

United States Magistrate Judge Keith Strong conducted preliminary

screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he recommends dismissal of the Complaint for failure to state a claim. Judge Strong explains that Plaintiff's conclusory statements that Defendants acted with deliberate indifference are inadequate to state a claim. He also reviewed Plaintiff's medical records and concludes that prison medical staff monitored the hernia and gave the Plaintiff an abdominal binder, but were reluctant to pursue surgery due to elevated risks to Plaintiff's health based on other conditions. Judge Strong finds that Plaintiff can not prove his claim given the facts in the record.

Plaintiff War Club did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

I can find no clear error with Judge Strong's Findings and

Recommendations (Doc. No. 7) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

The Clerk of Court shall have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff has failed to state a claim upon which relief may be granted.

The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 30th day of December, 2009.

_____
Donald W. Molloy, District Judge
United States District Court